Jonah A. Grossbardt (SBN 283584)
Matthew L. Rollin (SBN 332631)
**SRIPLAW**
8730 Wilshire Boulevard
Suite 350
Beverly Hills, California 90211
323.364.6565 – Telephone
561.404.4353 – Facsimile
jonah.grossbardt@sriplaw.com
matthew.rollin@sriplaw.com

Attorneys for Plaintiffs
MICHAEL FREEMAN AND BARRY W. ROSEN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| MICHAEL FREEMAN AND BARRY W. ROSEN,<br><br>Plaintiffs,<br><br>v.<br><br>CHIVE MEDIA GROUP, LLC aka RESIGNATION MEDIA, LLC dba THE CHIVE,<br><br>Defendant. | **Case No.: 2:21-cv-09443**<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (INJUNCTIVE RELIEF DEMANDED)**<br><br>**Demand for Jury Trial** |

Plaintiffs MICHAEL FREEMAN AND BARRY W. ROSEN by and through their undersigned counsel, bring this Complaint against Defendant CHIVE MEDIA GROUP, LLC aka RESIGNATION MEDIA, LLC dba THE CHIVE for damages and injunctive relief, and in support thereof states as follows:

1

COMPLAINT FOR COPYRIGHT INFRINGEMENT                                                                    CASE NO.: 2:21-CV-09443

## SUMMARY OF THE ACTION

1. Plaintiffs MICHAEL FREEMAN ("Freeman") and BARRY W. ROSEN ("Rosen") (Freeman and Rosen are collectively referred to herein as "Plaintiffs") bring this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Plaintiffs' original copyrighted works of authorship.

2. Freeman has been featured in major international magazines and has had many collaborations with book publishers. His work is widely focused on cultures, specifically but not limited to in Asia. Freeman has also been extremely successful in the making and publishing of his 147 books, 67 of which focused on the practice of photography, and sold over three million copies in twenty languages. His most recent works are showcased on his blog, and through his offering of an online foundation photography course at "Learning with Experts".

3. Rosen has been a professional photographer for nearly 40 years creating distinguished works. Over that time, he has produced photos for numerous large advertisers including a number of beer companies, sunglass makers, along with ski, fashion, jewelry and others. Rosen has created album covers for record companies, produced numerous calendars, and famous posters that have been distributed worldwide, as well as produced editorials for magazines and newspapers featuring famous celebrities, models and sports stars. He has been featured on tv shows such as Extra, Entertainment Tonight, and Access Hollywood.

4. Defendant CHIVE MEDIA GROUP, LLC AKA RESIGNATION MEDIA, LLC DBA THE CHIVE ("Chive") is, according to their website, "the world's largest photo entertainment website and App" and "home to the top humorous, interesting and uplifting content around the world." Chive was created in 2008 as a photoblog and over the years morphed into a multi-faceted digital entertainment brand with over 30 million users per month and features over 800 million content views per month. At all times relevant herein, Chive owned and operated the internet website located at the URL www.thechive.com (the "Website")

2

5. Plaintiffs allege that Chive copied Plaintiffs' copyrighted Works from the internet in order to advertise, market and promote its business activities. Chive committed the violations alleged in connection with Chive's business for purposes of advertising and promoting sales to the public in the course and scope of the Chive's business.

**JURISDICTION AND VENUE**

6. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

7. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

8. Defendant is subject to personal jurisdiction in California.

9. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant is registered to do business in this district and has an office in this district, and Defendant is subject to personal jurisdiction in this district.

**DEFENDANT**

10. Chive Media Group, LLC aka Resignation Media, LLC dba The Chive is according to documents on file with the California Secretary of State, an entity organized and existing under the laws of the state of Texas, with an office located in California located at 1000 Washington Boulevard, Culver City, California, 90323, and can be served by serving its Registered Agent, Mr. Alexander Yoffe, 3713 Highland Avenue, Suite 2, Manhattan Beach, California, 90266.

**THE COPYRIGHTED WORKS AT ISSUE**

11. In 1990, Freeman created the photograph entitled "8566._19_SR-71_Blackbird.JPG," ("Blackbird").

12. In 1995, Rosen created the photograph entitled "Baywatch," ("Baywatch").

13. The Works are shown below and referred to herein as the "Works".



Blackbird



Baywatch

COMPLAINT FOR COPYRIGHT INFRINGEMENT    CASE NO.: 2:21-CV-09443

14. Freeman registered Blackbird with the Register of Copyrights on August 12, 2016 and was assigned registration number VA 2-014-878.

15. Rosen registered Baywatch on August 25, 2015 and was assigned registration number VAu 1-219-058.

16. The Certificates of Registration are attached hereto as Exhibit 1a and 1b.

17. At all relevant times Plaintiffs were the owners of the copyrighted Works at issue in this case.

## INFRINGEMENT BY DEFENDANT

18. Chive has never been licensed to use the Works at issue in this action for any purpose.

19. On a date after the Works at issue in this action were created, but prior to the filing of this action, Chive copied the Works.

20. On or about July 29, 2019, Freeman discovered the unauthorized use of Blackbird on the Website in an article entitled "Area 51's famous up-side-down Blackbird photo explained (45 HQ Photos)," dated July 16, 2018, and again in another article dated July 16, 2019 entitled "Area 51's famous up-side-down Blackbird photo explained (42 HQ Photos)." Exhibits 2a and 2b.

21. On or about July 29, 2019, Rosen discovered the unauthorized use of Baywatch on the Website in an article entitled "Some 'facts' on the internet are worth double checking (20 Photos)," dated December 3, 2016, and again in another article dated April 2, 2018 entitled "These movies and shows changed the world in profound ways (14 Photos)." Exhibits 2c and 2d.

22. Chive copied Plaintiffs' copyrighted Works without Plaintiffs' permission.

23. After Chive copied the Works, it made further copies and distributed the Works on the internet to promote the sale of goods and services as part of its entertainment website business.

24. Chive copied and distributed Plaintiffs' copyrighted Works in connection with Chive's business for purposes of advertising and promoting Chive's business, and in the course and scope of advertising and selling products and services.

25. Plaintiffs' Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

26. Chive committed copyright infringement of the Blackbird as evidenced by the documents attached hereto as Exhibit 2.

27. Chive committed copyright infringement of Baywatch as evidenced by the documents attached hereto as Exhibit 3.

28. Plaintiffs never gave Chive permission or authority to copy, distribute or display the Works at issue in this case.

29. Plaintiffs notified Chive of the allegations set forth herein on November 20, 2020 and December 9, 2020. To date, the parties have failed to resolve this matter.

## COUNT I
## COPYRIGHT INFRINGEMENT

30. Plaintiffs incorporate the allegations of paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. Plaintiffs own valid copyrights in the Works at issue in this case.

32. Plaintiffs registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

33. Chive copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without Plaintiffs' authorization in violation of 17 U.S.C. § 501.

34. Chive performed the acts alleged in the course and scope of its business activities.

35. Chive's acts were willful.

36. Plaintiffs have been damaged.

37. The harm caused to Plaintiffs has been irreparable.

WHEREFORE, the Plaintiffs pray for judgment against the Defendant Chive Media Group, LLC aka Resignation Media, LLC dba The Chive that:

a. Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. Defendant be required to pay Plaintiffs their actual damages and Defendant's profits attributable to the infringement, or, at Plaintiffs' election, statutory damages, as provided in 17 U.S.C. § 504;

c. Plaintiffs be awarded their attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Plaintiffs be awarded such other and further relief as the Court deems just and proper; and

e. Plaintiffs be awarded pre- and post-judgment interest.

## JURY DEMAND

Plaintiffs Michael Freeman and Barry W. Rosen hereby demand a trial by jury of all issues so triable.

DATED: December 6, 2021          Respectfully submitted,

*/s/ Jonah A. Grossbardt*
JONAH A. GROSSBARDT
MATTHEW L. ROLLIN
**SRIPLAW**
*Attorneys for Plaintiffs Michael Freeman and Barry W. Rosen*